RUFUS J. BALDWIN and another *vs.* THOMAS H. CANFIELD.

## May 15, 1879.

Order discharging order to show cause, and a restraining order, *held*, upon
the facts presented, to have been properly made.
    Appealability of the same doubted.

*E. C. Palmer,* for appellant.
*George Bradley,* for respondents.

    BERRY, J.* We have just filed an opinion in an appeal
taken from an order denying a motion to set aside a decision
and judgment, and to grant a new trial, in the same action
in which the present appeal is taken. To that opinion we
refer for a statement of the character of the action and other
particulars. It appears that on the trial before the court
below, the certificates of eight hundred shares of stock in the
Minneapolis Agricultural and Mechanical Association were
put in evidence.

    Some four months after the trial court made its decision in
the action, the plaintiff bank claiming to hold the notes de-
scribed in the opinion, and that it held the shares as collat-
eral security for the same, gave notice to defendant Canfield
and to King of its intention, at a designated time and place,
to sell the shares (or so much thereof as might be neces-
sary) to satisfy the notes. The attorney for Canfield there-
upon applied to the court below for an order requiring the
plaintiff bank to show cause: *First,* how, where and by what
authority, it obtained possession of said certificates; *second,*
why said certificates should not be returned to the possession
and control of the court, and *third,* why the order of the court
should not issue forbidding the bank, its servants and agents,
selling or attempting to sell or dispose of said certificates
during the pendency of a motion for a new trial of the action
before mentioned which said Canfield was about to make, and

*Cornell, J., having been of counsel, did not sit in this case.

of an appeal to the supreme court which he was about to take from the order denying such motion, (if it should be denied,) and for such other time as the court may deem proper.

This application was based upon an affidavit, which, among other things, alleged the insolvency of King, and the affiant's fears that unless the aid prayed for was granted, the plaintiff bank will attempt to sell or dispose of, to some innocent purchaser, the certificates, and that thereby defendant Canfield's rights will be greatly injured and complicated, and the motion for a new trial and the appeal, even if successful, will be made useless. An order was accordingly issued requiring the bank to show cause as prayed, and also an order directing the plaintiff, its agents, servants and attorneys, "to do nothing relative" to the certificates and shares of stock, except that the sale noticed might be adjourned to a day named. This order, which restrained the sale, was not to extend beyond the date named without further direction of the court. Upon the hearing of the order to show cause, which was had upon affidavits and counter-affidavits and the papers in the action, that order and the restraining order were both "discharged and vacated."

From the order discharging and vacating, this appeal is taken to this court. Upon perusing and duly considering the papers, we are of the opinion, without entering into particulars, that sufficient cause was shown why the orders referred to should be discharged and vacated, and that they were, therefore, properly disposed of by the court below. It is proper to add that we entertain grave doubts as to the appealability of the order from which this appeal purports to be taken; but as the point is not entirely clear, and has not been made by counsel, we will, without passing upon it, affirm the order appealed from.